PER CURIAM.
We affirm Nieves’ convictions for possession of a short-barreled shotgun,[1] and possession of cannabis.[2] He was sentenced to two years incarceration, followed by four years probation on both counts. We affirm the sentence for possession of a shotgun, but we reverse the sentence for possession of cannabis because it exceeds the statutory maximum for a first degree misdemean- or.
The state concedes error but urges the sentence was not intended to be imposed for the misdemeanor count. In any event, the state argues it is moot because Nieves has served the incarceration part of the sentence. However, the record shows he was illegally sentenced on the misdemean- or count.
Accordingly, we reverse the sentence imposed for the misdemeanor and on remand, we direct the trial court to discharge appellant from the probationary portion of the misdemeanor sentence.
AFFIRM in part; VACATE SENTENCE; REMAND.
HARRIS, C.J., and DAUKSCH and W. SHARP, JJ., concur.

. § 790.221, Fla.Stat. (1991).

. §§ 893.13(l)(g) and 893.03(l)(c), Fla.Stat. (1991).